ZHIYU YANG
*In Pro Per*
A# 205-171-242
Adelanto Detention Facility
10250 Rancho Road
Adelanto, CA 92301



# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

CV 17-01916-GW (JEM)

| | |
|---|---|
| ZHIYU YANG<br><br>PETITIONER,<br><br>v.<br><br>ELAINE C. DUKE, Acting Secretary of the Department of Homeland Security; JEFF SESSIONS, Attorney General of the United States; DAVID JENNINGS, Los Angeles Field Office Director, Bureau of Immigration and Customs Enforcement; GABRIEL VALDEZ, Assistant Field Office Director, Adelanto Detention Facility, WARDEN, Geo Group, Adelanto Detention Facility<br><br>RESPONDENT. | No. CV<br><br>DHS Case No.: A#205-171-242<br><br>**PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL CUSTODY (28 U.S.C. § 2241); MEMORANDUM OF POINTS AND AUTHORITIES; EXHIBITS**<br><br>(Filed in lieu of form CV-27) |

# PETITION[1]

1. **Place of Detention:** At the time of filing the initial petition, Petitioner is detained by Immigration and Customs and Enforcement (ICE) at the Adelanto Detention Facility in Adelanto, California.

2. **Name and Location of Court Which Imposed Removal Order:** Executive Office of Immigration Review, San Francisco, California.

3. **The Immigration Case Number:** DHS (Department of Homeland Security) A#205-171-242.

4. **The Date Upon Which Removal Order Was Imposed:** Mr. Yang was ordered removed by an Immigration Judge on January 31, 2017.

5. **Check Whether a Finding of Guilty Was Made:** Not applicable.

6. **If You Were Found Guilty After a Plea of Not Guilty, Check Whether that Finding Was Made by A Jury or Judge Sitting Without a Jury:** Not applicable.

7. **Did You Appeal from the Removal Order?** No.

8. **If You Did Appeal, Give the Following for Each Appeal:** Not applicable.

---

[1] This Petition, while filed by Mr. Yang *in pro per*, was drafted with substantial assistance by the Office of the Federal Public Defender.

9. **State concisely every ground on which you claim you are being held unlawfully. Summarize briefly, the facts supporting each ground.**

    **a.**    **Ground One:** Continued detention in this matter violates <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001). In <u>Zadvydas</u>, the Supreme Court held that 8 U.S.C. § 1231(a)(2) does not authorize indefinite detention. Rather, detention is only permitted for the purposes of effectuating removal. <u>See id.</u> at 699-700. Thus, an alien may only be detained for a period reasonably necessary to bring about the alien's removal from the United States. <u>See id.</u> For the purposes of practicality, the Supreme Court recognized a "presumptively reasonable period of detention" of six months. <u>See id.</u> at 701. Then,

> [a]fter this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink.

<u>Id.</u>

    **Supporting Facts:** ICE has detained Mr. Yang beyond the presumptively reasonable six month period. He received a final order of removal on January 31, 2017. He has been detained since that date, a period of nearly eight months. Further detention is only justified if there is a significant likelihood of removal in the reasonably foreseeable future. Moreover, as each additional day passes, the "reasonably foreseeable future" shrinks considerably.

10. **Have You Filed Previous Petitions of Habeas Corpus, Motions Under Section 2255 of Title 28, United States Code, or Any Other Applications, Petitions or Motions With Respect to the Removal Order?** No.

**11.  If Your Answer to Question No. 10 Was Yes, Give the Following Information:** Not applicable.

**12.  Do you have any petition, appeal or parole matter pending in any court, either state or federal, as to the removal order under attack?** No.

**13.  Are you presently represented by counsel?** No. However, petitioner is applying for appointment of counsel concurrently with this petition.

**14.  If you are seeking leave to proceed *in forma pauperis*, have you completed the declaration setting forth the required information?**  Not applicable.

1
2

**WHEREFORE, petitioner prays that the court hold an evidentiary hearing and grant petitioner relief to which he may be entitled in this proceeding.**

3
4

      I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

5
6

DATED: 9. 15 . 2017      By ZHI YU YANG

7

                       ZHIYU YANG
                       Petitioner in *Pro Per*

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. BACKGROUND

Zhiyu Yang, a citizen of China, has been in post-removal order detention for over six months, since approximately January 31, 2017. The sheer length of his detention suggests that there is no reason to believe that Immigration and Customs Enforcement (ICE) will be able to remove him in the reasonably foreseeable future. Accordingly, this Court should grant the habeas petition and order that Mr. Yang be released on appropriate conditions.

## II. ANALYSIS

**A.    Mr. Yang Must Be Released Because There is No Good Reason to Believe Mr. Yang Will Be Deported in the Reasonably Foreseeable Future**

In Zadvydas v. Davis, 533 U.S. 678 (2001) the United States Supreme Court confronted the question whether the Immigration and Nationality Act allowed the INS to detain aliens indefinitely while it sought to have them removed. Title 8, U.S.C. §1231(a)(1) provides that the INS shall remove an alien within 90 days of his removal order; 8 U.S.C. § 1231(a)(2) provides that the Attorney General shall detain the alien during the removal period. Title 8, U.S.C. § 1231(a)(3) provides for the supervision of aliens in the community after the 90-day period. But 8 U.S.C. § 1231(a)(6) provides that certain aliens may be detained even after the 90-day period. In Zadvydas, the Supreme Court interpreted these statutes against the backdrop of the requirements of the Due Process Clause of the Fifth Amendment to the United States Constitution and held that the statute does not authorize indefinite detention. Id. at 688-692. Rather, detention is only permitted for the purposes of effectuating removal. See id. at 699-700. Thus, an alien may only be detained for a period reasonably necessary to bring about the alien's removal from the United States. See id.

1    For the purposes of practicality, the Supreme Court recognized a "presumptively

2  reasonable period of detention" of six months. See id. at 701.  Then,

3              [a]fter this 6-month period, once the alien provides good

4              reason to believe that there is no significant likelihood of

5              removal in the reasonably foreseeable future, the Government

6              must respond with evidence sufficient to rebut that showing.

7              And for detention to remain reasonable, as the period of prior

8              post-removal confinement grows, what counts as the

9              "reasonably foreseeable future" conversely would have to

10             shrink.

11  Id.

12    ICE has nearly detained Petitioner beyond the presumptively reasonable six-

13  month period. Under 18 U.S.C. § 1231(a)(1)(B), the six-month period began when his

14  removal order became final on January 31, 2017. He was detained on that date.

15    There is good reason to believe that there is no significant likelihood of removal

16  in the foreseeable future.  In the nearly eight months of Mr. Yang's post-removal

17  detention, ICE has provided no reason to believe there has been any progress towards

18  obtaining a travel document for Mr. Yang. Because there is no evidence that

19  Respondent's removal is imminent, Petitioner asks the Court to order Respondents to

20  release Mr. Yang on reasonable conditions of release.

21  **B.    In The Alternative, Even If Removal Is Reasonably Foreseeable, Mr.**

22         **Yang Should Be Released on Conditions Because Preventive Detention**

23         **Is Not Warranted in This Case**

24    Furthermore, regardless of whether this Court finds that Mr. Yang's removal is

25  reasonably foreseeable, he should be released on conditions.  The Supreme Court has

26  upheld preventive detention for the protection of the community "only when limited to

27  specially dangerous individuals and subject to strong procedural protections."

28  See Zadvydas, 533 U.S. at 690-91 (citing Kansas v. Hendricks, 521 U.S. 346 (1997),

1  and United States v. Salerno, 481 U.S. 739 (1987)).  Thus, even if respondents could

2  meet the burden of showing that Mr. Yang's removal will occur in the reasonably

3  foreseeable future, he should nevertheless be released on conditions pending his

4  removal because he is not a "specially dangerous" individual.  Under DHS's current

5  regulatory scheme, the burden on the alien to show that he is not dangerous.  See 8

6  C.F.R. § 241.4(d)(1).  When extended past the statutorily authorized 90-day removal

7  period, this regulatory scheme violates Mr. Yang's liberty interest by imposing

8  preventive detention without the constitutionally requisite showing.  See Zadvydas, 533

9  U.S. at 690-91; see also Hendricks, 521 U.S. at 368 (upholding scheme that imposes

10  detention upon "a small segment of particularly dangerous individuals" and "provides

11  strict procedural safeguards"); Salerno, 481 U.S. at 747, 75-52 (in upholding pretrial

12  detention based on dangerousness, stressing "stringent time limitations," the fact that

13  detention is reserved for the "most serious of crimes," the requirement of proof of

14  dangerousness by clear and convincing evidence, and the presence of judicial

15  safeguards).

16       Therefore, this Court should order respondents to release Mr. Yang even if it

17  finds petitioner's removal is significantly likely in the reasonably foreseeable future.

18  The respondents cannot justify the reasonableness of continued detention on the basis

19  of his risk of committing further crimes pursuant to the standards set out in Hendricks

20  and Salerno.

21  ### III. CONCLUSION

22       For the foregoing reasons, Mr. Yang respectfully requests the Court grant his

23  writ of habeas corpus and that he be released under reasonable conditions of

24  supervision.  Alternatively, Mr. Yang requests that the Court set a hearing in this matter

25  and require Respondents to produce Mr. Yang for the hearing.

26

27

28

1

## **PROOF OF SERVICE**

2

3       I, the undersigned, declare that I am a resident or employed in Los Angeles

4   County, California; that my business address is the Office of the Federal Public

5   Defender, 321 East 2nd Street, Los Angeles, California 90012-4202; that I am over the

6   age of eighteen years; that I am not a party to the above-entitled action; that I am

7   employed by the Federal Public Defender for the Central District of California, who is

8   a member of the Bar of the United States District Court for the Central District of

9   California, and at whose direction I served the Petition; Ex Parte Application for

10  Appointment of Counsel and [Proposed] Order Appointing Counsel.

11      On September 19, 2017, following ordinary business practice, service was placed

12  in a sealed envelope for collection and mailing via United States Mail, addressed as

13  follows:

14  Civil Process Clerk
    United States Attorney's Office
15  Central District of California
    300 North Los Angeles Street
16  Suite 7516
    Los Angeles, California 90012
17

18      This proof of service is executed at Los Angeles, California, on September 19,

19  2017. I declare under penalty of perjury that the foregoing is true and correct to the

20  best of my knowledge.

21

Dated: September 19, 2017          By: _____

22                                      Rosalinda Lozano

23

24

25

26

27

28