HILARY POTASHNER (Bar No. 167060)
Federal Public Defender
Hilary_Potashner@fd.org
DAVID MENNINGER (Bar No. 281460)
Deputy Federal Public Defender
David_Menninger@fd.org
321 East Second Street
Los Angeles, California 90012-4202
Telephone (213) 894-1891
Facsimile (213) 894-0081

LODGED
PROPOSED
ORDER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

ZHIYU YANG,

    Petitioner,

    v.

ELAINE C. DUKE, Acting Secretary of the Department of Homeland Security; JEFF SESSIONS, Attorney General of the United States: DAVID JENNINGS, Los Angeles Field Office Director, Bureau of Immigration and Customs Enforcement; GABRIEL VALDEZ, Assistant Field Office Director, Adelanto Detention Facility, WARDEN, Geo Group, Adelanto Detention Facility

    Respondents.

No. ED CV17-01916-GW(JEM)

**EX PARTE APPLICATION FOR ORDER APPOINTING FEDERAL PUBLIC DEFENDER; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF COUNSEL; EXHIBITS**

[PROPOSED] ORDER LODGED CONCURRENTLY HEREWITH]

    Proposed appointed counsel David Menninger, on behalf of Petitioner Zhiyu Yang, hereby submits this application to this Court for an Order appointing the Office of the Federal Public Defender to represent him in this matter.

/ / /

/ / /

/ / /

/ / /

|   |   |
|---|---|
| 1 | This motion is based upon the attached memorandum, declaration of counsel, and any further information presented to the Court in connection with this application. |

Respectfully submitted,

HILARY POTASHNER
Federal Public Defender

DATED: September 19, 2017     By /s/ David Menninger
DAVID MENNINGER
Deputy Federal Public Defender

# MEMORANDUM OF POINTS AND AUTHORITIES

Petitioner Zhiyu Yang, through proposed counsel Deputy Federal Public Defender David Menninger, submits the following memorandum of points and authorities in support for his application for appointment of counsel. As recognized by judges in the Central District, appointment of counsel is routinely warranted in this situation. Mr. Yang's claim is presumptively meritorious under Supreme Court precedent, but he lacks the ability and resources to navigate this complex field alone.

### A. Appointment of counsel is warranted pursuant to a Central District standing order

In 1999, the Central District of California's Case Assignment Committee determined that indefinite detention cases warrant treatment under the Central District's rules pertaining to related cases. Subsequently, all such cases were reassigned to the Honorable Terry J. Hatter, Jr. On August 11, 1999, in order to facilitate the just, speedy, and inexpensive disposition of indefinite detention cases, Judge Hatter ordered that "the Federal Public Defender is appointed to represent each unrepresented petitioner who the assigned Magistrate judge determines to be financially qualified for the appointment of counsel." Judge Hatter's Order is attached hereto as Exhibit A. Implicit in Judge Hatter's order is a recognition that indefinite detention cases, such as this one, meet the standard for appointment of counsel as articulated in *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Courts in the Central District have routinely found that the interests of justice require appointment of counsel in these cases. *See, e.g.,* Order Appointing Counsel, *Thinh Do v. Chertoff*, CV 08-08319 (Jan. 6, 2009); Order Appointing Counsel, *Fu Xing Tang v. Napalitano*, CV 09-02658 (May 5, 2009); Order Appointing Counsel, *Crespo v. Napalitano*, CV 11-04062 (May 18, 2011); Order Appointing Counsel, *Farah v. Napolitano*, CV 11-8349 (Oct. 13, 2011); Order Appointing Counsel, *Hau Tran v. Napolitano*, CV 13-560 (Mar. 28, 2013); Order Appointing Counsel, *Chamba v. Johnson*, CV 16-5700 (Aug. 3, 2016); Order

Appointing Counsel, *Osmaan-Muhamud v. Johnson*, CV 16-5705 (Aug. 18, 2016); Order Appointing Counsel, *Zegeye v. Johnson*, CV 16-6648 (Sept. 7, 2016).

### B. The Complex Issues Involved in This Case, Coupled with the Detained Petitioner's Lack of Legal Knowledge, Favor Appointment of Counsel in This Case

Mr. Yang's claim involves a complex interaction between technical immigration statutes and constitutional principles as interpreted by various Supreme Court and Ninth Circuit cases. Mr. Yang benefitted from substantial assistance by proposed appointed counsel in drafting his habeas petition. While he supplied the relevant factual information, proposed counsel greatly assisted him in applying the relevant legal authorities to those facts. Absent such assistance, it is plainly unlikely that Mr. Yang would have been able to file a petition that adequately articulated his legal claims. Mr. Yang does not speak English, lacks any legal training, and is currently detained in a facility with only limited access to legal materials and the Internet.

Moreover, the balance of equities tilts sharply in favor of appointment of counsel in this instance. As a post-removal immigration detainee, Mr. Yang is differently situated from other habeas petitioners: the legality of this detention has never been reviewed by a neutral arbiter, and he has been detained beyond the presumptively lawful six month threshold. *See Zadvydas v. Davis*, 533 U.S. 678 (2001). Accordingly, appointment of counsel is warranted.

## CONCLUSION

Accordingly, Petitioner respectfully requests that the Court grant Petitioner's application for appointment of counsel.

DATED: September 19, 2017

DAVID MENNINGER
Deputy Federal Public Defender

4

# DECLARATION OF DAVID MENNINGER

I, David Menninger, hereby state and declare as follows:

1.  I am a Deputy Federal Public Defender in the Central District of California. Petitioner Zhiyu Yang's case was brought to the attention of my office, and I believe appointment of counsel is appropriate for the reasons set forth below.

2.  Petitioner has informed me of the following: Mr. Yang received a final order of removal on January 31, 2017, and has been detained continuously since that date. ICE's efforts to obtain a travel document on his behalf have thus far been unfruitful. Based on these facts, a pro per petition for a writ of habeas corpus is being concurrently filed in this matter. Petitioner hereby seeks appointment of counsel.

3.  It is my belief that the issues involved in this case are complex. They involve interpretation of statutes--as informed by a constitutional backdrop--as well as complex federal case law.

4.  I provided substantial assistance to Mr. Yang in drafting his initial petition for habeas corpus. It is my belief that without our office's assistance, it would have been very difficult for Mr. Yang to file that petition, and that any petition that he would have been able to file without assistance would have likely lacked any significant development of the legal issues at hand. Mr. Yang does not speak English and we have communicated only with the assistance of a Mandarin interpreter. Moreover, in his current detention facility, he does not have complete access to research and legal authorities.

5.  On September 18, 2017, I contacted Assistant United States Attorney Robert Lester regarding the relief sought in this application. Mr. Lester stated that his office takes no position with regards to appointment of counsel.

///

///

///

1       I declare that the foregoing is true and correct to the best of my knowledge.

2

3   DATED: September 19, 2017               /s/ David Menninger

4                                               DAVID MENNINGER
                                              Deputy Federal Public Defender

CLERK U.S. [...]

AUG 11 1999

[...]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

CV 98-5016-TJH (RNB)

ORDER OF THE CHIEF JUDGE IN RE INDEFINITE DETENTION CASES:

(See Attached List for Case Number)

Currently pending in this District are approximately 80 habeas corpus petitions brought by aliens subject to deportation orders who are awaiting repatriation, and who are challenging their indefinite detention by the Immigration and Naturalization Service ("INS"). Both the United States Attorney and the Federal Public Defender concur that these cases present a number of common legal issues, as reflected in their respective responses to the June 25, 1999 Order of the Chief Judge In Re Indefinite Detention Cases. The Central District's Case Assignment Committee therefore has determined that these indefinite detention cases warrant treatment under the Central District's rules pertaining to related cases. In accordance with those rules, all of these cases (including those filed hereafter) have been or will be reassigned to a single District Judge, namely this Court, and also have been or will be reassigned to the low number Magistrate Judge for each country of repatriation.

In order to facilitate the just, speedy and inexpensive disposition of these indefinite detention cases, it is hereby ORDERED:

1. The Federal Public Defender is appointed to represent each

1 unrepresented petitioner who the assigned Magistrate Judge determines
2 to be financially qualified for the appointment of counsel. Within 20
3 days of the date of this Order, the Federal Public Defender is ORDERED
4 to submit financial affidavits for those unrepresented petitioners for
5 whom financial affidavits have not been submitted already.

6     2. Within 30 days of the Federal Public Defender providing the
7 United States Attorney with the name and alien registration number of
8 each petitioner for whom the "A" file has not been produced already,
9 the INS is ORDERED to produce such petitioner's "A" file.

10     3. Pending the Court's determination of the common legal issues
11 which will be the subject of a separate Order re Briefing of Common
12 Legal Issues, all currently pending indefinite detention cases
13 otherwise are stayed, any briefing orders heretofore issued by the
14 Magistrate Judges in these cases are vacated, and any already pending
15 motions to dismiss in these cases shall be deemed off calendar. This
16 stay also shall apply to all similar such indefinite detention cases
17 hereafter filed, except that the assigned Magistrate Judge shall as
18 necessary order service of process and appoint counsel upon a showing
19 of financial qualification for the same. Moreover, the Clerk of the
20 Court shall as necessary enter any voluntary or stipulated dismissals
21 in accordance with Fed. R. Civ. P. 41(a)(1).

22     IT IS SO ORDERED this 11th day of August, 1999.

TERRY J. HATTER, JR.
CHIEF UNITED STATES DISTRICT JUDGE

CJA 23
(Rev. 11/11)

# FINANCIAL AFFIDAVIT
IN SUPPORT OF REQUEST FOR ATTORNEY, EXPERT, OR OTHER SERVICES WITHOUT PAYMENT OF FEE

IN THE UNITED STATES ☒ DISTRICT COURT ☐ COURT OF APPEALS ☐ OTHER (Specify below)

IN THE CASE OF _____ v. _____

FOR _____
AT _____

LOCATION NUMBER: _____

PERSON REPRESENTED (Show your full name): **YANG, Zhiyu**

1. ☐ Defendant - Adult
2. ☐ Defendant - Juvenile
3. ☐ Appellant
4. ☐ Probation Violator
5. ☐ Supervised Release Violator
6. ☒ Habeas Petitioner
7. ☐ 2255 Petitioner
8. ☐ Material Witness
9. ☐ Other (Specify)

DOCKET NUMBERS
Magistrate Judge: _____
District Court: _____
Court of Appeals: _____

CHARGE/OFFENSE (describe if applicable & check box →) ☐ Felony ☐ Misdemeanor

## ANSWERS TO QUESTIONS REGARDING ABILITY TO PAY

**INCOME & ASSETS**

**EMPLOYMENT**
Are you now employed? ☐ Yes ☒ No ☐ Self-Employed
Name and address of employer: _____
IF YES, how much do you earn per month? $ _____
IF NO, give month and year of last employment? **03/2014**
How much did you earn per month? $ **3500**
If married, is your spouse employed? ☐ Yes ☐ No
IF YES, how much does your spouse earn per month? $ _____
If you are a minor under age 21, what is the approximate monthly income of your parent(s) or guardian(s)? $ _____

**OTHER INCOME**
Have you received within the past 12 months any income from a business, profession or other form of self-employment, or in the form of rent payments, interest, dividends, retirement or annuity payments, or other sources? ☐ Yes ☒ No
RECEIVED / SOURCES
IF YES, give the amount received and identify the sources $ _____

**CASH**
Do you have any cash on hand or money in savings or checking accounts? ☒ Yes ☐ No IF YES, total amount? $ **200**

**PROPERTY**
Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)? ☐ Yes ☒ No
VALUE / DESCRIPTION
IF YES, give value and description for each $ _____

**OBLIGATIONS & DEBTS**

**DEPENDENTS**
MARITAL STATUS:
___ Single
___ Married
___ Widowed
☒ Separated or Divorced
Total No. of Dependents: **2**

List persons you actually support and your relationship to them:
- HUI WEN YANG (child)
- JING WEN YANG (deceased)
- YI WEN YANG (child)

**DEBTS & MONTHLY BILLS**
(Rent, utilities, loans, charge accounts, etc.)

| DESCRIPTION | TOTAL DEBT | MONTHLY PAYMENT |
|---|---|---|
| | $ | $ |
| | $ | $ |
| | $ | $ |
| | $ | $ |

I certify under penalty of perjury that the foregoing is true and correct.

**Zhi Yu Yang**
SIGNATURE OF DEFENDANT (OR PERSON REPRESENTED)

Date: **9-15-2017**

# PROOF OF SERVICE

I, the undersigned, declare that I am a resident or employed in Los Angeles County, California; that my business address is the Office of the Federal Public Defender, 321 East 2nd Street, Los Angeles, California 90012-4202; that I am over the age of eighteen years; that I am not a party to the above-entitled action; that I am employed by the Federal Public Defender for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, and at whose direction I served the Petition; Ex Parte Application for Appointment of Counsel and [Proposed] Order Appointing Counsel.

On September 19, 2017, following ordinary business practice, service was placed in a sealed envelope for collection and mailing via United States Mail, addressed as follows:

Civil Process Clerk
United States Attorney's Office
Central District of California
300 North Los Angeles Street
Suite 7516
Los Angeles, California 90012

This proof of service is executed at Los Angeles, California, on September 19, 2017. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: September 19, 2017        By: _____
                                      Rosalinda Lozano

6